(C. D. 230)

V. & F. W. Filoon Co. *v.* United States

United States Customs Court, First Division

(Decided October 14, 1939)

*Rice & Ziegel* (*Samuel Rice* of counsel) for the plaintiff.
*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before Evans, Brown, and McClelland, Judges; Brown, J., dissenting

McClelland, Presiding Judge: The merchandise which is the subject of this protest is described on the invoice as "Rough Welting Kip Butts" and was assessed with duty by the collector of customs at the port of Boston at the rate of 15 per centum ad valorem under the following provision in paragraph 1530 (b) (7) of the Tariff Act of 1930—

Par. 1530. * * *.
(b) Leather * * * made from hides or skins of cattle of the bovine species:
&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;
(7) all other, rough, partly finished, finished, or curried, not specially provided for * * *.

The protest as originally drawn contains a claim for duty at the rate of 12½ per centum ad valorem under the provisions of paragraph 1530 (b) (1) and by timely amendment an alternative claim for duty

at the same rate under the provisions of paragraph 1530 (b) (2). These subparagraphs read as follows:

PAR. 1530. * * *.

(b) * * *.

(1) Sole or belting leather (including offal), rough, partly finished, finished, curried, or cut or wholly or partly manufactured into outer or inner soles, blocks, strips, counters, taps, box toes, or any other forms or shapes suitable for conversion into boots, shoes, footwear, or belting, 12½ per centum ad valorem;

(2) leather welting, 12½ per centum ad valorem;

Although the issue was tried at some length, there is very little dispute about the facts.

Plaintiff's witnesses, all of whom were well qualified by reason of long experience in the leather business, identified the merchandise in issue, a sample of which is in evidence as plaintiff's Collective Exhibit 1, as semitanned or India-tanned welting kip butts.

It appears that the word "kip" refers to the size of the animal from which the hide or skin was taken, that is to say, in size between a calf and a cow, and that the word "butt" means that it came from the rump or hind part of the animal. There does not seem to be any question but that the merchandise in question is in the rough and that it is sold exclusively to welting manufacturers who subject it to processes of retanning with vegetable tanning liquor, currying, and leveling, in order to produce leather suitable for manufacture into leather welting and that it is thereafter manufactured by several additional processes into such welting.

No evidence was offered to establish that the merchandise is sole or belting leather or that it is leather welting. On the contrary, it appears that the merchandise is exclusively dedicated to the manufacture of leather welting and although suitable for other uses after further processing it is not, in fact, used for any other purpose than for the manufacture of leather welting.

The evidence is clear that it is not leather welting in the condition in which it is imported but is merely material from which leather welting is ultimately made. Under such circumstances we must hold that the merchandise is not properly classifiable under subparagraphs (b) (1) or (b) (2), as claimed by the plaintiff.

We do not overlook the argument made by counsel for the plaintiff that if the merchandise at bar is classified under paragraph 1530 (b) (7) a seemingly anomalous situation results in that the manufactured article, leather welting, takes a lower rate of duty than the material from which it is manufactured, i. e., the merchandise at bar.

Reference is made by counsel for the plaintiff to the hearings before the Subcommittee of the Committee of Finance, United States Senate, 71st Congress, First Session, when H. R. 2667, which was later enacted into law as the Tariff Act of 1930, was being considered by the Con-

gress. We do not find, however, that the particular legislative history cited by counsel for the plaintiff can be considered as revealing the true intent of Congress in the enactment of the various provisions of paragraph 1530.

Counsel for the plaintiff has also cited several decisions of this court and the Court of Customs and Patent Appeals to the effect that anomalies resulting in the admission of finished products at lower rates of duty than apply to the material from which they are produced are, if possible, to be avoided in tariff construction.

We are of the opinion that none of these decisions can be considered as controlling in the case at bar. Subparagraphs (b) (1) and (b) (2) of paragraph 1530 contain *eo nomine* designations of the merchandise there provided for. There is no ambiguity in the phraseology of either of these subparagraphs and consequently no need for resort to rules of statutory construction or legislative history. To rule that the proper classification of the leather in issue must come under either of these two subparagraphs would be to disregard the plain provision of the statute.

We hold that the merchandise was properly classified by the collector at the rate of 15 per centum ad valorem under the provisions of paragraph 1530 (b) (7), *supra.* The protest is, therefore, overruled. Judgment will issue accordingly.

BROWN, J: I dissent. Opinion may be filed later.