109

(C. D. 547)

Rice & Co. Corp. *v.* United States

United States Customs Court, First Division

(Decided November 5, 1941)

*Henry L. Ziegel* for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

Before Walker and Tilson, Judges

Walker, Judge: When this case was called for trial at the port of Boston it was agreed between counsel to submit it for decision on the record in the case of *V. & F. W. Filoon Co.* v. *United States,* decided October 14, 1939, and reported in 3 Cust. Ct. 189, C. D. 230, and that record was accordingly incorporated as part of the record in the case at bar.

The merchandise consists of leather in the rough, imported from India, and is described in the invoice, and is known as, rough welting kip butts. There does not seem to be any dispute that the leather as imported is material for use in the manufacture of leather welting, which in turn is used in the manufacture of shoes to hold the soles to the uppers. It was classified by the collector of customs under the catch-all provision for leather in paragraph 1530 (b) (7) which provides for "all other [leather made from the hides or skins of cattle of the bovine species], rough, partly finished, finished, or curried, not specially provided for" and assessed with duty at the rate of 15 per centum ad valorem. The protest makes alternative claims, neither of which is abandoned. They are, first, that the leather in question is properly dutiable at the rate of 12½ per centum ad valorem under the provision in paragraph 1530 (b) (1) for—

Sole or belting leather (including offal) rough, partly finished, finished, curried, or cut or wholly or partly manufactured into outer or inner soles, blocks, strips, counters, taps, box toes, or any forms or shapes suitable for conversion into boots, shoes, footwear, or belting * * *,

or, second, that it is properly dutiable at the rate of 12½ per centum ad valorem under the provision in subparagraph (b) (2) of the same paragraph which provides for—

Leather welting  *  *  *.

The record clearly indicates that as imported the merchandise is not leather welting but is material from which leather welting is made by retanning and manufacturing processes. Since subparagraph (b) (2) of paragraph 1530, *supra*, provides only for leather welting and not for the material from which it is manufactured, it cannot be applied to the leather at bar.

The record is equally clear that while the imported merchandise may be *suitable* for conversion into outer or inner soles, or into boots, shoes, and footwear, it is in fact never so used but is used only in the manufacture of welting. It will be noted that subparagraph (b) (1) under which claim is made provides only for sole or belting leather in certain states of finish, or such leather *cut or wholly or partly manufactured* into outer or inner soles or certain parts of boots, shoes, or footwear, or into any other forms or shapes suitable for conversion into boots, shoes, footwear, or belting. In the first place there is no proof in the record that the leather at bar is sole or belting leather, or offal, and it is certain from the record that it has not been cut or wholly or partly manufactured into any form or shape whatsoever. We are therefore satisfied that the leather in issue is not classifiable under paragraph 1530 (b) (1), *supra*.

In the brief filed on behalf of the plaintiff company its counsel has cited and quoted from the hearings before the Subcommittee of the Committee of Finance, United States Senate, 71st Congress, First Session, on H. R. 2667, which later became the Tariff Act of 1930, as follows:

Statement of Francis B. Quackenboss, Worcester, Mass., representing welting leather manufacturers

(Leather welting, par. 1530 (b) (2))

*    *    *    *    *    *    *

Mr. QUACKENBOSS: To avoid reptition, such data is omitted from this statement and comment is confined to paragraph 1530, subparagraph (b) (2) of H. R. 2667, which reads, "Leather welting 12½ per cent ad valorem." This duty, 12½ per cent, is exactly the same in amount as for the leather from which welting is made and which is specifically mentioned in the preceding subparagraph (b) (1).

Welting is a product manufactured from leather by the application of labor and machinery. In H. R. 2667 leather receives a higher duty than hides, and shoes a higher duty than leather. By the same reasoning, welting should receive a higher duty than the leather from which it is made, because of the labor required to produce the finished product.

Just why Mr. Quackenboss should state that the leather from which welting is made "is specifically mentioned in the preceding

subparagraph (b) (1)" is hard to determine, for such leather, so far as the court is aware, never was specifically mentioned in subparagraph (b) (1) during the course of the passage of the bill through Congress. Furthermore, while it does not appear to us that there is any ambiguity in the language of subparagraph (b) (1) which would require resort to legislative history, it is manifest that the foregoing statement of the representative of a domestic interest, standing alone, could not be considered as being such evidence of the Congressional intent as would warrant us in finding in favor of the plaintiff's claim under paragraph 1530 (b) (1).

For the foregoing reasons the protest is overruled and judgment will issue accordingly.