dutiable under the provisions of paragraph 1527. *Gallagher & Ascher* v. *United States* (6 Ct. Cust. Appls. 105, T. D. 35343) cited and followed.

Since the hand warmers in question were valued at less than $5 per dozen pieces, they were not dutiable under the provisions of paragraph 1527 (c) (2) as amended by the French Trade Agreement (T. D. 48316), but were subject to the rates of duty provided for in paragraph 1527 (c) (2) as originally enacted.

The protest was overruled and the classification of the collector affirmed.

**No. 47321.**—Protests 864310-G, etc., of Allied Stores Corp. et al. (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 47322.**—Protests 12377-K, etc., of Stone & Downer Co. et al. (Boston).

Opinion by WALKER, J. It was stipulated between counsel that certain of the merchandise consists of rough welting kip butts the same in all material respects as that passed upon in *Filoon* v. *United States* (3 Cust. Ct. 189, C. D. 230) and *Rice* v. *United States* (7 Cust. Ct. 109, C. D. 547). In accordance therewith the claim at 10 percent under paragraph 1530 (b) (7), as amended by the British Trade Agreement (T. D. 49753), was sustained as to this merchandise. Protest 17117-K, having been imported prior to the effective date of the British Trade Agreement, was overruled in all respects.

**No. 47323.**—Protest 2264-K of Wm. J. Jones & Co. (Philadelphia).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving. Protest sustained to this extent.

**No. 47324.**—Protests 10352-K, etc., of C. S. Emery & Co. (St. Albans).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving. Protests sustained to this extent.

**No. 47325.**—Protests 14119-K, etc., of Pacific Customs Brokerage Co. (Detroit).

367

Opinion by WALKER, J.   It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).   In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving.   Protests sustained to this extent.

**No. 47326.**—Protests 22262–K, etc., of F. W. Myers & Co., Inc. (Detroit).

Opinion by WALKER, J.   It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).   In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving.   Protests sustained to this extent.

**No. 47327.**—Protest 32894–K of Seaboard Lumber Sales, Ltd. (New York).

Opinion by WALKER, J.   It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).   In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving.   Protest sustained to this extent.

**No. 47328.**—Protest 37696–K of Border Brokerage Co., Inc. (Seattle).

Opinion by WALKER, J.   It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).   In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving.   Protest sustained to this extent.

**No. 47329.**—Protests 41286–K, etc., of Pacific Customs Brokerage Co. (Portland, Maine.).

Opinion by WALKER, J.   It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391).   In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which imported and that no addition should have been made for planing, or tonguing and grooving.   Protests sustained to this extent.

**No. 47330.**—Protests 58412–K, etc., of M. V. Jenkins (Seattle).